Filed 7/24/13  Walley v. Super. Ct. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THOMAS E. WALLEY, | |
| Petitioner, | G048340 |
| v. | (Super. Ct. No. 30-2011-00529475) |
| THE SUPERIOR COURT OF ORANGE COUNTY, | O P I N I O N |
| Respondent; | |
| MATT HOOVER et al., | |
| Real Parties in Interest. | |

Original proceedings; petition for a writ of mandate/prohibition to challenge an order of the Superior Court of Orange County, Frederick Paul Horn, Judge. Petition granted.

Sedgwick, Curtis D. Parvin, Frederick B. Hayes and Douglas J. Collodel for Petitioner.

1

No appearance for Respondent.

Matt Hoover, in pro. per., for Real Party in Interest.

Sarah Martin, in pro. per., for Real Party in Interest.

Berger Kahn and Steven H. Gentry for Real Party in Interest Berger Kahn.

THE COURT:*

Thomas E. Walley petitions this court after the trial court denied his motion to quash a deposition subpoena that was served on his attorneys. The subpoena sought production of accounting documents transmitted to him and related to their representation of him. Walley has shown the deposition subpoena sought the production of documents protected by the attorney-client privilege; Matt Hoover has not carried his burden to show otherwise. Therefore, we grant Walley's petition for a peremptory writ of mandate directing the trial court to vacate its order denying the motion to quash and to grant the motion.

BACKGROUND

I.
PRIOR LITIGATION BETWEEN WALLEY AND HOOVER.

Walley, an attorney with the law firm of Good, Wildman, Hegness & Walley, represented real party in interest, Sarah Martin, and her business, Footprints 'N More, Inc., in a landlord/tenant dispute between Martin and her commercial landlord. Real party in interest, Hoover, was Martin's boyfriend at the time and became a co-client of Walley's law firm. At some point, Hoover and Martin's relationship deteriorated. Wally's law firm continued to represent Martin, but unilaterally discontinued its representation of Hoover.

_____

* Before O'Leary, P. J., Fybel, J., and Thompson, J.

2

Hoover filed an arbitration claim against Walley and his law firm, asserting causes of action for, inter alia, breach of fiduciary duty and legal malpractice (the arbitration action). Attorney Steven H. Gentry, of the Berger Kahn law firm (Berger Kahn), represented Walley in the arbitration action. The arbitrator found Walley and his law firm violated their ethical duty to Hoover and committed malpractice. The arbitrator awarded Hoover over $200,000.

Hoover filed a complaint against Martin asserting a claim for breach of contract and also common counts to recover money she allegedly owed him (the Martin action). Martin filed a cross-complaint against Hoover in the Martin action, asserting various breach of contract and tort claims against him. Gentry and Berger Kahn represented Martin in the Martin action. The Martin action proceeded to a bench trial; and the trial court entered judgment in favor of Martin on the complaint and in favor of Hoover on Martin's cross-complaint.

In May 2009, Hoover filed a complaint against Martin, Footprints 'N More, Walley, Walley's law firm, Gentry, and Berger Kahn in which he asserted claims for malicious prosecution (based on Martin's cross-complaint in the Martin action), aiding and abetting, and conspiracy to commit malicious prosecution (the malicious prosecution action). The trial court granted the defendants' special motions to strike filed in the malicious prosecution action, and entered a judgment of dismissal. In an unpublished opinion, a panel of this court affirmed the judgment. (*Hoover v. Walley* (Nov. 9, 2010, G042813) [nonpub. opn.].)

## II.
### HOOVER FILES THE INSTANT ACTION.

In December 2011, Hoover filed a form complaint against Walley asserting a claim for breach of fiduciary duty (the instant action). In the complaint, Hoover alleged the following as the basis of his claim: "Defendant breached his fiduciary duty of

3

loyalty and confidentiality to me by acting adverse to me in a matter in which he previously represented me in.  Because of his intentional malicious acts against me, I suffered extreme damage that I would not have otherwise suffered.  I believe and based thereon herein allege that defendants were the main driving force behind a third parties litigation against me.  The third party litigation was directly related to matters that defendants previously represented me in."

### III.
### HOOVER SERVES A DEPOSITION SUBPOENA ON BERGER KAHN; WALLEY FILES MOTION TO QUASH WHICH IS DENIED BY THE TRIAL COURT.

Hoover served a deposition subpoena (the subpoena) on the custodian of records for Berger Kahn in the instant action, seeking two categories of business records: (1) "All accounting records, including account receivable and billing system records, which are related to [the Martin action]"; and (2) "All accounting records, including account receivable and billing system records, which are related to [the arbitration action]."

Walley filed a motion to quash the subpoena, pursuant to Code of Civil Procedure section 1987.1, subdivision (a), as to the second category of subpoenaed records on grounds including that the records sought were (1) protected from disclosure by the attorney-client privilege and the attorney work-product doctrine, (2) protected from disclosure by Walley's right to privacy, and (3) irrelevant to the subject matter of the instant action.   Walley filed a declaration in support of the motion to quash in which he stated, "[t]he referenced 'accounting records' including 'billing statements' identified in Hoover's deposition subpoena include attorney-client privileged communications between [him] and [his] attorneys at the Berger Kahn law firm."[1]   Following a hearing

---

[1] Our record contains Gentry's declaration filed in opposition to a motion to compel filed by Hoover in which he sought an order compelling production of the *first* category of accounting records listed in the subpoena—those pertaining to the Martin

during which the trial court discussed Berger Kahn redacting privileged information on the subpoenaed documents, the court denied the motion to quash and ordered responsive documents to be produced within 30 days.

IV.

WALLEY FILES THE PETITION FOR WRIT OF MANDATE/PROHIBITION.

Walley filed the petition for writ of mandate/prohibition (the petition) in which he sought various forms of relief, including the issuance of a peremptory writ directing the trial court to vacate its order denying Walley's motion to quash. The petition also requested a stay of the court's order denying the motion to quash pending this court's decision on the merits of the petition. We invited real parties in interest, Hoover, Berger Kahn, and Martin, to file an informal response to the petition, and the

---

action and not the arbitration action. At the hearing on the motion to compel, after Walley's attorney cited Gentry's declaration during a general discussion of the subpoena, the court stated it had not yet seen that declaration (the hearing on the motion to compel was not held until 14 days after the hearing on the motion to quash). Walley's counsel offered a copy of the declaration to the court during the hearing; the record is unclear whether the trial court accepted a copy of it during the hearing and whether the court relied upon it in deciding the motion to compel.

In his declaration, Gentry referred to both categories of documents sought by the subpoena, stating in part: "In connection with [the Martin action and the arbitration action], Berger Kahn sent periodic invoices to the respective clients. Those invoices contained detailed information regarding various tasks performed in the representation and the time associated with each task. I have always considered the contents of those invoices to be confidential information protected by the attorney-client privilege." Gentry further stated he "became aware that the clients in both of these representations had taken appropriate legal steps to contest the production of records by Berger Kahn based, among other things, on the existence of the privilege. Berger Kahn did not previously file written opposition to the [subpoena] because of its belief that the privilege belongs to the clients, not the attorney, and because of its understanding that both former clients were aware of the [subpoena] and were contesting it. Berger Kahn's silence at that time was never intended to suggest that it believed [Hoover] was entitled to the records in question."

parties complied.[2] We stayed the trial court proceedings pending the resolution of the petition.

## DISCUSSION

Walley argues, inter alia, the trial court erred by denying his motion to quash because the subpoena required the production of documents protected by the attorney-client privilege. For the reasons we will explain, we agree the subpoena sought privileged documents, and thus the trial court should have quashed the subpoena.

### I.

#### STANDARD OF REVIEW.

Although writ review of discovery orders is not favored, it is appropriate to review the production of documents which may be subject to a claim of privilege. (*Crab Addison, Inc. v. Superior Court* (2008) 169 Cal.App.4th 958, 965.) "Extraordinary review of a discovery order will be granted when a ruling threatens immediate harm, such as loss of a privilege against disclosure, for which there is no other adequate remedy." (*Zurich American Ins. Co. v. Superior Court* (2007) 155 Cal.App.4th 1485, 1493.)

We review the trial court's discovery order for abuse of discretion. (*Krinsky v. Doe 6* (2008) 159 Cal.App.4th 1154, 1162 [reviewing order denying motion to quash subpoenas].) The trial court's determination that various documents were not protected by the attorney-client privilege or the work product doctrine is also reviewed for an abuse of discretion. (*National Football League Properties, Inc. v. Superior Court* (1998) 65 Cal.App.4th 100, 108; *In re Jeanette H.* (1990) 225 Cal.App.3d 25, 31.) "[A]n

_____

[2] In his response to the petition, Hoover argues this court lacks jurisdiction to adjudicate the petition because he was never served with any documents relating to the petition by mail or by personal service. The proof of service attached to the petition, however, shows Hoover was personally served on April 23, 2013, at the same address listed on his response to the petition.

6

error of law is an abuse of discretion." (*Knapp v. AT&T Wireless Services, Inc.* (2011) 195 Cal.App.4th 932, 939.)

## II.

### THE ATTORNEY-CLIENT PRIVILEGE AND ALLOCATION OF BURDENS OF PROOF.

As our Supreme Court has explained: "The attorney-client privilege, set forth at Evidence Code section 954, confers a privilege on the client 'to refuse to disclose, and to prevent another from disclosing, a *confidential communication* between client and lawyer . . . .' The privilege 'has been a hallmark of Anglo-American jurisprudence for almost 400 years.' [Citation.] Its fundamental purpose 'is to safeguard the confidential relationship between clients and their attorneys so as to promote full and open discussion of the facts and tactics surrounding individual legal matters. [Citation.] . . . [¶] Although exercise of the privilege may occasionally result in the suppression of relevant evidence, the Legislature of this state has determined that these concerns are outweighed by the importance of preserving confidentiality in the attorney-client relationship. . . . "The privilege is given on grounds of public policy in the belief that the benefits derived therefrom justify the risk that unjust decisions may sometimes result from the suppression of relevant evidence." [Citations.]' [Citation.] '[T]he privilege is absolute and disclosure may not be ordered, without regard to relevance, necessity or any particular circumstances peculiar to the case.'" (*Costco Wholesale Corp. v. Superior Court* (2009) 47 Cal.4th 725, 733, italics added (*Costco*).) The application of the attorney-client privilege is liberally construed. (*Benge v. Superior Court* (1982) 131 Cal.App.3d 336, 344.)

The term "confidential communication," for purposes of the attorney-client privilege, is broadly defined in Evidence Code section 952 as follows: "'[C]onfidential communication between client and lawyer' means information transmitted between a client and his or her lawyer in the course of that relationship and in confidence by a

7

means which, so far as the client is aware, discloses the information to no third persons other than those who are present to further the interest of the client . . . or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted, and includes a legal opinion formed and the advice given by the lawyer in the course of that relationship." Additionally, "[t]he attorney-client privilege attaches to a confidential communication between the attorney and the client and bars discovery of the communication irrespective of whether it includes unprivileged material." (*Costco, supra,* 47 Cal.4th at p. 734.)

In the context of a discovery dispute, the California Supreme Court in *Costco, supra,* 47 Cal.4th at page 733 explained: "The party claiming the privilege has the burden of establishing the preliminary facts necessary to support its exercise, i.e., a communication made in the course of an attorney-client relationship. [Citations.] Once that party establishes facts necessary to support a prima facie claim of privilege, the communication is presumed to have been made in confidence and the opponent of the claim of privilege has the burden of proof to establish the communication was not confidential or that the privilege does not for other reasons apply. [Citations.]" (*Costco, supra*, 47 Cal.4th at p. 733.)[3]

III.

### THE TRIAL COURT ERRED BY DENYING THE MOTION TO QUASH

In the motion to quash, Walley argued the subpoena required the production of confidential communications within the meaning of Evidence Code section 952 because it required the production of "Berger Kahn's 'accounting records' including

---

[3] Hoover does not contend any exceptions to the attorney-client privilege, such as the crime-fraud exception, apply here. Nor does Hoover contend the privilege was waived.

8

'billing system records' for its representation of Walley in the arbitration matter." He contended these documents constituted "attorney-client communications between Walley and his counsel Berger Kahn." On its face, the subpoena seeks written communications between the attorney and its client in the course of their attorney-client relationship. Except for the purpose of furthering the client's interest, such as in the case of a third person paying for the client's attorney fees, such documentation and information would not be disclosed to third persons. Considering the broad language of section 952, coupled with the liberal application of the attorney-client privilege and the general description of the subpoenaed documents, those documents fall within the statute's expansive definition of confidential communications. (See *Benge v. Superior Court, supra,* 131 Cal.App.3d at p. 344.)

Hoover did not produce any *evidence* rebutting Walley's showing that the records sought by the subpoena are protected by the attorney-client privilege under Evidence Code 952. That point is dispositive here, resulting in the granting of the petition.

The parties have not cited any California case, and we have found none, which specifically analyzes whether attorney accounting records transmitted to the client constitute attorney-client confidential communications within the meaning of Evidence Code section 952. While a few cases *assume* attorney billing statements are confidential communications in other contexts, no California case has examined the application of the privilege to such documentation and communications in the context of discovery. Instead, such assumptions have been made in the context of disputes over the reasonableness of attorney fees. (See, e.g., *Banning v. Newdow* (2004) 119 Cal.App.4th 438 [holding bills redacted to protect attorney-client privilege enabled the defendant to challenge the reasonableness of attorney fees]; *Smith v. Laguna Sur Villas Community Assn.* (2000) 79 Cal.App.4th 639, 645-646 [the attorney-client privilege barred disclosure

9

of privileged attorney billing documents because the attorney's client was the defendant condominium association, and not the plaintiff residents who sought the documents].)

In 1986, the Legislature protected some financial information related to the attorney-client relationship by enacting Business and Professions Code section 6149, which provides, "[a] written fee contract shall be deemed to be a confidential communication within the meaning of subdivision (e) of Section 6068[4] and of Section 952 of the Evidence Code." An attorney fee contract is similar in subject matter to the attorney's accounting records at issue in this proceeding. Specifically, both documents are connected to an attorney's representation of a client; both contain information regarding the attorney's billing rates and payment arrangements with that client; and both may describe the services rendered or to be rendered. Although we do not equate a written fee contract with all billing records, Business and Professions Code section 6149 illustrates the legislature's intent to protect the kind of information at issue in this proceeding.

In opposition to Walley's motion to quash, Hoover relied on federal cases for the proposition that attorney billing statements are discoverable. Unlike California law, which as discussed *ante*, deems attorney fee contracts to be protected by the attorney-client privilege pursuant to Business and Professions Code section 6149, federal common law provides, "'the nature of [an attorney's] fee arrangements with his clients [is] not [a] confidential communication[] protected by the attorney-client privilege.'" (*In re Osterhoudt* (1983) 722 F.2d 591, 592.) California law, not federal law, applies in this

---

[4] Business and Professions Code section 6068, subdivision (e) states, in pertinent part, an attorney has a duty "[t]o maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client." (Bus. & Prof. Code, § 6068, subd. (e)(1).)

case; therefore, Hoover's legal authority is inapt.[5]  In any event, there is an exception to the general federal rule where "in the circumstances of the case disclosure . . . [is] in substance a disclosure of the confidential communication in the professional relationship between the client and the attorney." (*Id.* at p. 593.)  That exception may well apply here, but we do not need to reach the issue because we decide the case based on California law.

At the hearing on the motion to quash, the trial court suggested documents responsive to the subpoena might contain privileged information that could be redacted. The trial court's order, however, denied the motion in its entirety.[6]

Walley carried his burden of establishing that the subpoena sought documents protected by the attorney-client privilege, and Hoover failed to carry his burden to establish the privilege did not apply.  Accordingly, we conclude the trial court's order denying the motion to quash constituted error.

Because we conclude the trial court erred by denying the motion to quash on the ground the subpoena sought documents protected by the attorney-client privilege, we do not consider Walley's other grounds for challenging the trial court's order.

---

[5]  We acknowledge the handful of California cases that rely on federal cases applying federal law regarding the attorney-client privilege.  All of those cases predate the enactment of Business and Professions Code section 6149 and are otherwise inapplicable.  (See, e.g., *Willis v. Superior Court* (1980) 112 Cal.App.3d 277, 291-295.)

[6]  Code of Civil Procedure section 1987.1, subdivision (a) provides in relevant part:  "If a subpoena requires the attendance of a witness or the production of books, documents, electronically stored information, or other things before a court, or at the trial of an issue therein, or at the taking of a deposition, the court, upon motion reasonably made by any person described in subdivision (b), . . . may make an order quashing the subpoena entirely, modifying it, or directing compliance with it upon those terms or conditions as the court shall declare, including protective orders."

11

## DISPOSITION

There is no factual dispute regarding the trial court's order denying the motion to quash. The petition, responsive briefing, and the moving and opposing papers on file from the proceedings below more than adequately address the issues raised by the petition. Hence, neither further briefing nor oral argument is required for the disposition of the petition. Petitioner is entitled to a peremptory writ of mandate.

Let a peremptory writ of mandate issue directing the superior court to vacate its April 10, 2013, order denying petitioner's motion to quash the deposition subpoena and to enter a new order granting the motion to quash the deposition subpoena. The stay previously issued by this court is dissolved. In the interests of justice, each party shall bear its own costs.